THE STATE, EX REL. COOPER ET AL., *v.* WARREN, AUDITOR.

(No. 71-333—Decided June 30, 1971.)

48

Mr. *George C. Smith,* prosecuting attorney, and *Mr. Tommy L. Thompson,* for relator.
Mr. *K. Michael Foley,* for respondent.

*Per Curiam.* Relators assert that a simple majority was sufficient to pass the levy, notwithstanding the 55 percent requirement for off-year special elections. They raise two general propositions pertaining to the constitutionality of the 55 per cent requirement of R. C. 5705.191.

First, relators contend that any requirement which necessitates a vote in excess of a bare majority is violative of the equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, and Article I, Section 2 of the Ohio Constitution.

Relators contend, since a "yes" vote of 55 per cent is required for passage of a measure, that a "yes" vote is diluted, or is of less weight than a "no" vote, thus bringing into play the "one-man, one-vote" principle enunciated in *Gray* v. *Sanders* (1963), 372 U. S. 368.

However, after the filing of the action herein, the Supreme Court of the United States, on June 7, 1971, decided this question in *Gordon* v. *Lance* (1971), 39 L. W. 4719, by upholding a West Virginia 60 per cent affirmative vote requirement when political subdivisions seek to incur either bonded indebtedness or to increase constitutionally established tax rates. In upholding this 60 per cent affirmative vote requirement, the court, in *Gordon,* distinguished *Gray,* noting that there was no "identifiable class" set out prospectively, as in *Gray,* but only a class of "yes" or "no"

votes determined retrospectively. Here, as in *Gordon*, there is no identifiable class set out prospectively, and *Gordon* is determinative of the question.

The second, and two-fold, contention of relators, is that the 55 per cent requirment, as applicable to "when" an election is held and "what" issues are being voted on, constitutes arbitrary classifications so as to also violate the constitutional guarantee of equal protection of the laws.

It is correct that the 55 per cent requirement is applicable to off-year elections. Relators contend that "the assumption that fewer people may vote in the off-year certainly is not a rational reason for dissipating the full weight of one's vote." Relators then proceed to show statistically that there was only an approximate eight per cent greater difference in the number of qualified voters casting ballots in the even-year election in 1970, than in the odd-year election in 1971.

Relators' position is predicated, first, on the premise that there is a dissipation of one's vote. The validity of that premise, at least as to dissipation in the constitutional sense, is quickly dispelled by *Gordon*. Additionally, we are not persuaded by the record and the arguments of counsel before us that the classification as to off-year elections is arbitrary or unreasonable.

Relators also complain that all taxing authorities, with special exemption for school districts, are not covered by R. C. 5705.191.

However, it is readily observed that the classification of "subdivision," as contemplated by R. C. 5705.191, under the definitional statute, R. C. 5705.19, is extremely broad of application, covering enumerated local political entities common generally throughout the state. While some specialized tax authorities, other than those contemplated under R. C. 5705.191, which is designed to provide the election procedure by which the ten-mill limitation may be exceeded, may pass other tax levies by a simple majority, this of itself does not establish that there has been an unreasonable and arbitrary classification.

In this connection, *Gordon* is also helpful as the court

50

states at page 4720, " * * * there is nothing in the language of the Constitution, our history or our cases that requires that a majority always prevail on every issue."

We do not find that relators have established the clear right necessary for the relief of mandamus. Therefore, the writ of mandamus is denied.

*Writ denied.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.